UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:19--cv-00592

ALL FUNDS IN THE BANK ACCOUNT
IN THE NAME OF MOUNTAINEER PAIN
RELIEF REHABILITATION,
C/O MICHAEL SHRAMOWIAT
(APPROXIMATELY $144,424.89
IN UNITED STATES CURRENCY),

        Defendant.

## VERIFIED COMPLAINT OF FORFEITURE

Comes now the United States of America, by and through its attorneys, Michael B. Stuart, United States Attorney for the Southern District of West Virginia, and Kathleen Robeson, Assistant United States Attorney for the Southern District of West Virginia, and respectfully brings this Verified Complaint (the "Complaint") and alleges as follows in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and to the extent applicable 18 U.S.C. §§ 981, 983, 984, and 985, 21 U.S.C. § 881, and the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is a civil action in rem brought on behalf of the United States of America, pursuant to 18 U.S.C. § 983(a), to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of all moneys, negotiable instruments, securities, or other things of value which were

furnished or intended to be furnished in exchange for one or more controlled substances, or constitute proceeds traceable to such an exchange, or which were used or intended to be used to facilitate one or more controlled substance violations, 21 U.S.C. §§ 801 et seq.

2. Further in the alternative, Dr. Shramowiat used the defendant in rem to promote his specified unlawful activities, namely his illegal distribution of controlled substances in violation of Title 21. Dr. Shramowiat also engaged in money laundering transactions when promoting his illegal activities in violation of 18 U.S.C. § 1956(a)(1).

3. Pursuant to 18 U.S.C. § 981(a)(1)(A), any property, real or personal, which was involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956, and property traceable to such property is forfeitable to the United States.

## THE DEFENDANT IN REM

4. The defendant in rem, captioned above, totaling $144,424.89 (CATS No. 19-DEA-654427), is the sum of currency seized from a United Bank account held in the name of Mountaineer Pain Relief Rehabilitation, C/O Michael Shramowiat at 2650 Grand Central Avenue, Vienna, West Virginia (hereinafter, the "Defendant Account").

5. The Defendant Account identified in the paragraph above is presently in the custody of the United States. The Defendant Account was previously seized pursuant to a seizure warrant issued by the Southern District of West Virginia.

## JURISDICTION AND VENUE

6. Plaintiff, United States of America, brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced

by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. §1355(a).

7. This Court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C. 1355(b)(1)(A) since the acts and omissions giving rise to forfeiture occurred in this district.

8. Upon the filing of this verified complaint, Plaintiff requests that the Clerk of this Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b)(i), which Plaintiff will have executed upon the defendant property, pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district and, pursuant to 28 U.S.C. § 1395(b), because the property is located in this district.

**STATUTORY BACKGROUND**

10. Pursuant to 21 U.S.C. § 881(a)(6), all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code; all proceeds traceable to such an exchange; and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code are forfeitable to the United States.

11. Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting a "specified

3

unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or any conspiracy to commit any such violation, is forfeitable to the United States.

12. Pursuant to 18 U.S.C. § 1956(c)(7)(B)(i), the definition of a specific unlawful activity includes the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act).

**BASIS FOR FORFEITURE**

13. At all relevant times, Michael Shramowiat, M.D., was a licensed physician practicing medicine in Vienna, Wood County, West Virginia, and within the Southern District of West Virginia.

14. Dr. Shramowiat was registered with the Drug Enforcement Administration pursuant to 21 U.S.C. § 823 and, as such, was authorized to issue prescriptions for controlled substances for legitimate medical purposes in the usual course of professional medical practice and within the bounds of medical practice.

15. Dr. Shramowiat is the only practicing doctor at Mountaineer Pain Relief and Rehabilitation Centers, located in Vienna, Wood County, West Virginia.

16. From at least May 1, 2017, through and including May 30, 2019, Dr. Michael Shramowiat committed various offenses, in violation of 21 U.S.C. §§841(a)(1) (unlawful distribution of controlled substances) and 843, that is, knowingly and intentionally using and causing others to use a registration number which was issued to him, in the course of the distribution of and for purposes of acquiring and obtaining controlled substances, in violation of 21 U.S.C. § 846.

17. The Defendant Account is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 801 et seq., or is proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more controlled substance violations.

18. The Defendant Account is also subject to forfeiture to the United States pursuant to 18 U.S.C. § 981 on the grounds that it is property involved in money laundering in violation of 18 U.S.C. § 1956(a)(1).

**NOTICE OF THE INTENTION OF THE UNITED STATES
TO INVOKE THE PROVISIONS OF 18 U.S.C. § 984**

19. The United States hereby gives notice of its intent to invoke the provisions of 18 U.S.C. § 984 with regard to the monies seized from the Defendant Account which was more particularly identified in paragraph 4 of this Verified Complaint of Forfeiture. The effect of this provision is to relieve the government from any tracing requirement of those funds if the statutory conditions in 18 U.S.C. § 984 are met. The primary offenses giving rise to forfeiture of the defendant currency are violations of 21 U.S.C. § § 841(a)(1), 843(a)(2) and 846, which occurred between May 1, 2017 and May 30, 2019. Those offenses form the bases for the United States forfeiture claim and this civil action is being commenced within one year of those offenses.

**FACTS**

20. Dr. Shramowiat's records from Board of Pharmacy were reviewed for the period from May 1, 2017 through May 30, 2019. During the relevant period, Dr. Shramowiat has seen

approximately 1,600 patients and issued approximately 24,892 controlled substance prescriptions. The issued controlled substance prescriptions comprised approximately 90% of his overall prescriptions.

21. Approximately 19,082 of those prescriptions were for Schedule II controlled substances, a majority of which were highly addictive opioid pain medications such as fentanyl, oxycodone, hydrocodone, or similar medications. This totaled to approximately 2,324,565 dosage units of controlled substances, including 1,793,219 dosage units of just Schedule II controlled substances.

22. A medical expert has reviewed Dr. Shramowiat's Board of Pharmacy records for the past two years, and opined that the amounts prescribed, as described in paragraphs 17 and 18, are extremely high for physicians of any specialty, including pain management physicians.

23. Furthermore, Dr. Shramowiat often prescribed opioids and benzodiazepines. In 2016, the Centers for Disease Control and Prevention issued new guidelines for the prescribing of opioids. They recommended that clinicians avoid prescribing benzodiazepines concurrently with opioids whenever possible. Both prescription opioids and benzodiazepines now carry FDA "black box" warnings on the label highlighting the dangers of using these drugs together.

24. West Virginia Board of Pharmacy records indicate that in these two years, Dr. Shramowiat wrote approximately 1,200 prescriptions for hydrocodone, and over 3,300 for oxycodone, over 600 for acetaminophen-codeine and approximately 600 for fentanyl.

25. In summary, nearly 25,000 controlled substance prescriptions and over 2.3 million dosage units were prescribed over a two-year period. This is extremely high for physicians in any specialty, including pain management.

26. Over 19,000 CII (opioid) prescriptions and nearly 1.8 million dosage units were prescribed during the past two years. This is extremely high for physicians in any specialty, even those practicing pain management. Again, approximately 53% of the opioid prescriptions were for Hydrocodone and 15% were for Oxycodone. Many of the patients travelled a lengthy distance to see Dr. Shramowiat. In a sample of 30 of Dr. Shramowiat's patients, over 50% had home addresses over 30 miles away from his clinic. Seven of the 30 had home addresses over 50 miles away. Three of the 30 patients reviewed had home addresses of over 100 miles away.

27. In October 23, 2018, a former patient of Dr. Shramowiat (hereinafter, "Patient A") advised that he/she met Dr. Shramowiat in a work-related capacity around 2015. According to Patient A, Dr. Shramowiat has historically maintained large quantities of controlled substances in his medical office and would dispense the medications without even providing a prescription bottle, in an effort to avoid the prescriptions from being logged for dispensation.

28. Patient A also detailed how patients traveled for more than three hours to be treated by Dr. Shramowiat.

29. One of Dr. Shramowiat's former patients (hereinafter, "Patient B") visited Mountaineer Pain Relief and Rehabilitation Centers from 2006 until 2015. According to Patient B,

he/she was able to receive hydrocodone prescriptions from Dr. Shramowiat without a medical exam.

## THE DEFENDANT ACCOUNT:

30. The Defendant Account is a United Bank account held in the name of Mountaineer Pain Relief & Rehabilitation Centers C/O Michael Shramowiat, MD.

31. Bank records regarding the Defendant Account were examined for the time period of January 1, 2015 through December 11, 2018. According to the bank records, the Defendant Account appears to be the general operating account for Mountaineer Pain Relief & Rehabilitation Centers C/O Michael Shramowiat MD.

32. An analysis of the withdrawals from and other deposits into the Defendant Accout indicates that this account allegedly was used as his primary business account to pay payroll, taxes, business credit card purchases, insurance, utilities, and other normal business operational expenses.

33. Between January 1, 2015 and December 11, 2018, numerous deposits were made into this account from various sources including, but not limited to, cash deposits and deposits of checks from Mountaineer Pain Relief Rehabilitations Centers. Moreover, during the period between January 1, 2015 through December 11, 2018, there were more than $2.2 million in cash and private pay methods that were deposited into the Defendant Account.

34. The only known source of income for Dr. Shramowiat is from his medical practice, therefore, at least a portion of the funds in the Defendant Account are payments received from patients at his medical office for the illegal prescriptions, unlawful distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 843(a)(2) and 846. As such,

those monies are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 984.

35. Dr. Shramowiat used the monies in the Defendant Account to fund the day-to-day expenses of Mountaineer Pain Relief Rehabilitation Centers, including his unlawful distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 843, and 846. As previously stated, Dr. Shramowiat also used the funds in the Defendant Account to promote and continue his specified unlawful activities, namely the illegal distribution of controlled substances, in violation of 18 U.S.C. § 1956(a)(1). Thus, all of the funds in the Defendant Account are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 1956(c)(7) and 18 U.S.C. § 984, as proceeds and property that is involved in money laundering.

36. Due to the large volume of cash intake with his medical practice as evidenced by the Patient Registers referenced in paragraph 34 of this Verified Complaint and by the statements of patients, it is more probable than not that the currency seized from the Defendant Account constitutes proceeds from the violations allegedly committed with regard to Dr. Shramowiat's medical practice, that is, violations of 21 U.S.C. §§ 841, 843 and 846, and therefore is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), and 18 U.S.C. § 984 as applicable.

37. Likewise, it is more probable than not that the currency seized from the Defendant Account constitutes proceeds from the controlled substance violations and which was used by Dr. Shramowiat to promote his unlawful activities, in violation of 18 U.S.C. § 1956(a)(1). The

Defendant Account therefore, is also subject to forfeiture to the United States pursuant to 18 U.S.C. § 981, as property involved in money laundering.

## CLAIMS FOR FORFEITURE

38. The allegations contained in paragraphs 1 through 37 of this Complaint are incorporated herein and made a part hereof.

39. As a result of the foregoing, the defendant in rem is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) as moneys or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code; proceeds traceable to such an exchange; or moneys used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code.

40. The defendant in rem is also subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982 as property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956.

41. As a result of the foregoing, the defendant properties and all property traceable thereto are subject to condemnation and to forfeiture to the United States, in accordance with 18 U.S.C. § 981 and 21 U.S.C. § 881.

## CONCLUSION

42. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the defendant properties vested in the United States at the time of the commission of the unlawful acts giving rise to forfeiture has become and is forfeitable to the United States.

WHEREFORE, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the defendant in rem pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, which the plaintiff will execute upon the defendants in rem pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that notice of this action be given to all persons who reasonably appear to be potential claimants to the defendants in rem; that the defendants in rem be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court grant such other and further relief it deems just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA
By Counsel

MICHAEL B. STUART
United States Attorney

By: s/Kathleen Robeson
Kathleen Robeson, VA Bar Number: 89526
Attorney for the United States
United States Attorney's Office
300 Virginia Street, East, Room 4000
Charleston, West Virginia 25301
Telephone: (304) 345-2200
Email: Kathleen.robeson@usdoj.gov

# VERIFICATION

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, TO-WIT:

I, Justin Schoeman, Special Agent with the Drug Enforcement Administration, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint for Forfeiture in rem is based upon reports and information I have gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except where stated to be upon information and belief, in which case I believe it to be true.

Executed on August 13, 2019.

/s/ JUSTIN SCHOEMAN

Taken, subscribed and sworn to before me this 13th day of August, 2019.

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
DIANA L. ROBERTS
1804 Anna Street
Charleston, WV 25302
My Commission Expires April 26, 2020

/s/ Diana L. Roberts
Notary Public

My commission expires on April 26, 2020.

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS** All Funds in the Bank Account in the name of Mountaineer Pain Relief Rehabilitation, c/o Michael Shramowiat (approx. $144,424.89 in U.S. Currency)

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | | | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
18 U.S.C. 881(a)(6)
Brief description of cause:
Civil Forfeiture of Bank Account furnished in exchange for controlled substances

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ _____
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 8/13/19
SIGNATURE OF ATTORNEY OF RECORD *Kathleen Robeson*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____